## Andrew Ramold v. Edgar Clayton.

Filed September 21, 1906. No. 14,230.

Review: Harmless Error. When the verdict returned by the jury is the only one justified by the evidence, errors in the giving and refusing of instructions are not prejudicial.

Error to the district court for Otoe county: Paul Jessen, Judge. *Affirmed.*

*John V. Morgan* and *Roddy & Bischof,* for plaintiff in error.

*L. F. Jackson, contra.*

Epperson, C.

Defendant is the owner of a farm in Otoe county. Camp creek, a natural watercourse, flows through his premises. Plaintiff is the owner of a tract of land lying about 80 rods south of defendant's said farm. Plaintiff alleged that in May, 1903, defendant diverted the waters of Camp creek by the construction of dikes so as to cause them to flow upon his premises to his damage. Defendant denied the illegal construction and maintenance of the dams, and alleged that the overflow on plaintiff's land was in no way due to the acts of the defendant, but was due to an unprecedented flood in the month of May, 1903. The cause was tried in the district court for Otoe county, and a verdict returned for defendant.

One of the instructions given to the jury, which plaintiff now assigns as error, is as follows: "You are instructed that the uncontradicted evidence in this case shows that after the rain on the afternoon of May 26, 1903, the flood waters of Camp creek were over both the east and the west dikes along the banks of said creek, at the point in said creek where the dam built in April, 1903, formerly stood.

And so far as the alleged damages to plaintiff's land and crops from the flood waters resulting directly from this particular rain the defendant would not be liable." An examination of the evidence convinces us that this instruction was correct. It is undisputed that at the time of this unprecedented flood the banks of Camp creek did not confine the waters thereof, and that the dams and embankments constructed by defendant in no way contributed to the volume of water that was then thrown upon plaintiff's land, but, on the contrary, were swept away by the torrent. The undisputed evidence shows that this flood of May 26 was very destructive. The plaintiff's corn crop was almost entirely destroyed. One of his neighbors with difficulty rescued his cattle from drowning. A bridge over Camp creek, above the dams complained of, was carried several rods, and away from the channel of the stream. Some witnesses say that dikes ten feet high would not have withstood the flood waters. Property which in no way could have been affected by the alleged acts of the defendant was destroyed. The evidence shows that the rainfall in that vicinity in May, 1903, varied from one-half of an inch to an inch on several different dates until May 26, when occurred the extraordinary flood referred to above. It is not shown that plaintiff was damaged, as alleged in his petition, except by this extraordinary flood. The only evidence indicating that the acts of the defendant caused the water to flow from Camp creek at any other time upon plaintiff's land appears in the testimony of plaintiff himself. He testified as to dams and dikes constructed by the defendant, and said that upon every little rain the water came to and upon his land from Camp creek; but the evidence does not show that such diversion of the water damaged either his crops or his land. For this reason, no other judgment than the one rendered could have been sustained by the evidence. It is a rule well established that, when the verdict returned is the only one justified by the evidence, errors in the giving or refusal of instructions are not prejudicial.

We therefore recommend that the judgment of the district court be affirmed.

AMES and OLDHAM, CC., concur.

By the Court: For the reasons stated in the foregoing opinion, the judgment of the district court is

AFFIRMED.